IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MELVIN LEWIS SEALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:15-cv-837-WKW |
| | ) | [wo] |
| BRANCH BANKING AND TRUST CO., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 2, entered 11/9/15).  Now pending before the Court is a Motion for Remand (Doc. 4).  The motion is fully submitted and ripe for review.  For good cause shown, the Magistrate Judge recommends that the Motion for Remand be **DENIED**.

**I.     FACTS AND PROCEDURAL HISTORY**

On or about April 5, 2004, Plaintiff Melvin Lewis Sealey ("Sealey" or "Plaintiff") signed a loan secured by a mortgage with Colonial Bank for property located in Crenshaw County, Alabama ("the Property").   Colonial Bank acted as the servicer of the loan from its inception to on or about October 2, 2008.  After Colonial Bank was declared insolvent in 2009, Branch Banking and Trust (BB&T) was assigned as successor of the rights of Colonial Bank by the Federal Deposit Insurance Corporation ("FDIC").   Afterwards BB&T initiated foreclosure proceedings on the property based on their statement Plaintiff had defaulted on the loan. Plaintiff asserts no default occurred and seeks to set aside the foreclosure proceedings.

Sealey filed his complaint in Crenshaw County, Alabama Circuit Court on October 13, 2015.  *See* Doc. 1, Atch 1, Complaint.  On November 5, 2015, BB&T filed a notice of removal in this court based on an assertion of diversity jurisdiction.  *See* Doc. 1, generally.  Specifically, BB&T states in the notice of removal that the case is properly removable under 28 U.S.C. §1441 and 28 U.S.C. § 1332 because there is complete diversity of citizenship between all parties in interest and the amount in controversy exceeds $75,000.00.  *Id*.

On November 13, 2015, Plaintiff filed his "Notice to Remand Plaintiff Complaint" which the Court construes as a motion to remand in which Plaintiff objects to the removal of this action.  *See* Doc. 4 generally.  Plaintiff states "Defendant BB&T has made an error in stating that, Petitioners had claim of Alabama citizenship under a post office box listed.  A Petitioner is an American Citizen, born in one of the States of the United States of America, and upon information and belief filed his lawsuit in the proper Circuit Court of Crenshaw County, Alabama."  *Id*. at ¶ 6.  He also seemingly asserts BB&T is an Alabama citizen because it has an address and location in Montgomery, Alabama.  *Id*. at ¶ 7.  However, later in the same pleading, Plaintiff states he "is in fact a resident of the state of Alabama."  *Id*. at ¶ 16.  He re-focuses his argument on the fact he has not been offered or allowed the opportunity to amend his complaint to lower the amount in controversy below the $75,000.00 jurisdictional amount.  *Id*. at ¶ 21.

Defendant timely responded to the motion to remand.  *See* Doc. 11.  BB&T reiterates it is a North Carolina banking corporation that offers banking services through 2166 branch offices located in sixteen states.  *Id*. at p. 4.  Defendant also notes it is under no obligation to provide Plaintiff with the opportunity to amend his complaint in order to aid his choice in forum.  *Id*. at p. 5.

On November 24, 2015, Plaintiff filed two additional replies which their titles pertain to

the removal and remand of this action. *See* Docs. 12-13. In those replies, he briefly asserts the same arguments in his original motion. The remaining bulk of the replies pertain to the merits of his case. For the purposes of jurisdiction, those arguments are irrelevant, but the Court will consider them when later considering the motion to dismiss and/or motion for summary judgment. *Id*.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (1994). Defendant, as the party removing this action, has the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns*, 31 F.3d at 1095 (citations omitted).

## III. DISCUSSION

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal. Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings*

*L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s) and (2) satisfaction of the amount in controversy requirement. Further, section 1446(b) then answers the question of when an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper." In the case at issue, the case was removed based on the original complaint.

Plaintiff seemingly claims that because BB&T has an office in Montgomery, Alabama that BB&T is a citizen of Alabama. BB&T has provided evidence in the form of affidavits that BB&T is a North Carolina banking corporation with its headquarters in Winston-Salem, North Carolina. *See* Doc. 11, Exhibits A-B. A corporation is a citizen of both its state of incorporation and the state where it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, despite Plaintiff's claims, the uncontroverted evidence establishes that Defendant is not a citizen of Alabama. Accordingly, BB&T has established complete diversity of citizenship and the Court looks to the amount in controversy.

Plaintiff's complaint makes it exceptionally clear that he sought more than the $75,000.00 jurisdictional prerequisite. On page 18 in the section entitled "Relief Requested" Plaintiff seeks (1) actual damages in an unspecified amount to be determined by the court, (2) punitive damages in the amount of $271,201.50, (3) an order voiding the foreclosure action, (4) Clear and Quiet Title of the property at issue, and (5) reasonable attorney's fees and costs. *See* Doc. 1, Complaint. In his request to remand, he indicates that he reserved the right to amend his complaint to seek less than $75,000.00 such that it may remain in state court. *See* Doc. 4 at ¶¶ 9,

11.  He also states Defendants should have provided him that opportunity prior to removing the case to federal court.  *Id*. at ¶ 8, 21.  Next, Plaintiff argues Defendant had previously claimed a debt of $90,400 in its Foreclosure Complaint in the Circuit Court of Crenshaw County, Alabama.  *Id*. at ¶¶ 13-14.  However, for the purposes of determining this court's jurisdiction, that information is irrelevant.

"The existence of federal jurisdiction is tested at the time of removal."  *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294-95 (11th Cir. 2008) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1332 (11th Cir. 1998)); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n. 6, 127 S. Ct. 1397, 1409 n. 6, 167 L.Ed.2d (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) ("events occurring after removal…do not oust the district court's jurisdiction.").

Plaintiff claims he will amend his complaint to fall beneath $75,000.00 and clearly prefers for his case to be returned.  Plaintiff's preferences are irrelevant.  Rather, the Court views its jurisdiction dispassionately, through the lens of whether or not jurisdiction exists.  Here, the Court determines it does have jurisdiction.  Accordingly, the case was properly removed to this court from state court, and the Motion to Remand is due to be denied.

### IV.  CONCLUSION

For reasons discussed, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion to Remand (Doc. 4) be **DENIED**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **July 22, 2016**.  Any objections filed must specifically identify the

findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 8th day of July, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE