IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MELVIN LEWIS SEALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:15-cv-837-WKW |
| | ) | [wo] |
| BRANCH BANKING AND TRUST CO., | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 2, entered 11/9/15).  Now pending before the Court is a Motion for Dismiss (Doc. 5), an Alternative Motion for More Definite Statement (Doc. 5), and a Motion for Partial Summary Judgment (Doc. 7).  The motions are fully submitted and ripe for review.  For good cause shown, the Magistrate Judge recommends that the Motion to Dismiss be **GRANTED** and the alternative Motion for More Definite Statement and Motion for Partial Summary Judgment both be **DENIED as moot**.

I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Melvin Lewis Sealey ("Plaintiff" or "Sealey") filed his complaint in Crenshaw County, Alabama Circuit Court on October 13, 2015.  *See* Doc. 1, Atch 1, Complaint.  The bulk of Plaintiff's complaints stem from his belief that the foreclosure on his property in Crenshaw County was done without proper authority.  Of note, this is not Plaintiff's first attempt to litigate these same claims before this court.  *See Sealey v. Stidham, et al.*, Civ. Act. No. 2:14-cv-1036-

MHT; *Sealey v. Stidham, et al.*, Civ. Act. No. 2:14-cv-1117-MHT.  The general facts of this case are detailed below.

On or about April 5, 2004, Plaintiff Melvin Lewis Sealey ("Sealey" or "Plaintiff") signed a loan secured by a mortgage with Colonial Bank for property located in Crenshaw County, Alabama ("the Property").  Colonial Bank acted as the servicer of the loan from its inception to on or about October 2, 2008.  After Colonial Bank was declared insolvent in 2009, Branch Banking and Trust (BB&T) was assigned as successor of the rights of Colonial Bank by the Federal Deposit Insurance Corporation ("FDIC").  Afterwards BB&T initiated foreclosure proceedings on the property based on their statement Plaintiff had defaulted on the loan. Plaintiff asserts no default occurred and seeks to set aside the foreclosure proceedings.  *See* Doc. 1-1.

Plaintiff's complaint provides a timeline and detailed accounting of his interactions with BB&T employees after Colonial Bank went insolvent.  However, the recitation of facts and claims is at times disjointed.  However, the Court does find he specifically asserts claims for the following ten counts: negligence; wantonness; unjust enrichment; wrongful foreclosure; abuse of process; slander of title; breach of contract; fraud; negligent and/or wanton hiring, supervision, and/or training; and intentional and/or malicious conduct.  *See* Doc. 1-1 at p. 11-18.  He seeks actual damages, punitive damages, an order voiding the foreclosure action, clear and quiet title of the property at issue, attorney's fees, costs, and expenses.  *Id*. at p. 18.  The general gist is that Plaintiff believes his mortgage loan was satisfied when Colonial Bank went insolvent.  He further believes BB&T and its employees conspired to trick him into signing a new mortgage with them such that they could collect double money on the Property.

After the filing of the complaint in Crenshaw County Circuit Court, the case was properly

removed to federal court. *See* Docs. 1, 19, 23. On November 16, 2016, Defendant filed its Motion to Dismiss or in the Alternative, Motion for More Definite Statement. *See* Docs. 5-6. Specifically, Defendant argues that, first and foremost, the case is barred under the "two dismissal rule." Alternatively, Defendant argues the complaint files to meet the pleading standard required by law and also that it fails to state a claim. Lastly, Defendant also alternatively requests a more definite statement in the event the court does not dismiss the action.

In response to the Court's show cause order, Plaintiff timely filed his responses. *See* Docs. 17-18. He does not specifically address Defendant's arguments, but rather repeats his factual allegations, claims, and requested relief. Regardless of Plaintiff's failure to discuss the defendant's assertions, the Court shall liberally construe and review his pleadings to ensure there are no potential claims which may proceed and fairness in the proceedings.

## II. STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Generally, complaints by *pro se* plaintiffs are read more liberally than those drafted by attorneys. *Osahar v. U.S. Postal Serv.*, 297 Fed. Appx 863, 864 (11th Cir. 2008). Although the court is required to liberally construe a *pro se* litigant's pleadings, "this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)); *see also Giles v. Wal-Mart Distrib. Ctr.*, 359 Fed. Appx. 91, 93 (11th Cir. 2009) (internal citations and quotation omitted) ("Although *pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise

deficient pleading in order to sustain an action.").

**A.      Fed. R. Civ. P. 12(b)(6)**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). In considering a defendant's motion to dismiss, the "court must view the complaint in the light most favorable to the plaintiff and accept all the plaintiff's well-pleaded facts as true." *Am. United Life Ins. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *St. Joseph's Hosp. Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)). In other words, in deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[1]

Thus, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558, 127 S. Ct. at

---

[1]      In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

1966. Further, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555, 127 S. Ct. at 1964-65 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 570, 127 S. Ct. at 1974. It is not enough that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery." *Id*. at 561, 127 S. Ct. at 1968 (internal quotation and alteration omitted). Consequently, the threshold for a complaint to survive a motion to dismiss is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985).

**B.     Fed. R. Civ. P. 12(e)**

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed which is so vague or ambiguous that the party cannot reasonably prepare a response." However, motions for a more definite statement are disfavored under the law and are rarely granted. *Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels*, 352 F.Supp.2d 1218, 1221 (S.D. Ala. 2005), *Campbell v. Miller*, 836 F.Supp. 827, 832 (M.D. Fla. 1993). "[A] motion for a more definite statement must be denied if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing of a responsive answer." *Herman v. Continental Grain Co.*, 80 F.Supp.2d 1290, 1297 (M.D. Ala. 2000). Furthermore,

"[a] motion for more definite statement is not a substitute for discovery." *Fathom*, 352 F.Supp.2d at 1221-22.

### III.  DISCUSSION AND ANALYSIS

A.  **Rule 41 and Res Judicata**

In Defendant's motion to dismiss, it relies primarily upon the language in Fed. R. Civ. P. 41(a)(1)(B) which states "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice. *But if the plaintiff previously dismissed any federal- or state-court claim, a notice of dismissal operates as an adjudication on the merits*." (emphasis added).  Defendant further argues that the prior court order (Doc. 36 in Civ. Act. No. 2:14-cv-1036-MHT) was "a power not contemplated or authorized under the rule" and the order was a "legal nullity." *See* Doc. 6 at p. 3-4.  Defendant argues the prior district judge erred in entering an order.  This Court disagrees with these case-specific arguments.

What Defendant fails to understand is that the Rule 41 dismissal filed by the Plaintiff in 2:14-cv1036-MHT only listed the individual defendants (Tamara A. Stidham, Edward A.R. Miller, Richard A. Wright, and Kelly S. King) and made no reference to Branch Banking & Trust (BB&T). *See* Doc. 34 in 2:14-cv-1036.  The Court appropriately accepted the Rule 41 voluntary dismissal as to those defendants which left resolution of the case as to BB&T.  Thus, the Court necessarily reviewed the motion to dismiss filed by BB&T, the report and recommendation only as it applied to BB&T, adopted the report and recommendation as applied to BB&T, and granted BB&T's motion to dismiss. *See* Docs. 2, 3, 30, 35, 36. 2:14-cv-1036.  As such, Defendant is simply wrong when it states "the complaint was effectively dismissed upon plaintiff's filing." *See* Doc. 6 in current case.

However flawed the Defendant's analysis may be, it does not by extension negate the

entire *res judicata* argument. Thus, the Court will now look at the prior Rule 41 dismissals and the current case to determine whether this case is legally barred.

It is undisputed that Plaintiff previously filed 2 lawsuits related to the property in Crenshaw County, Alabama. *See* Civ. Act. No. 2:14-cv-1036 and Civ. Act. No. 2:14-cv-1117. It is also undisputed that he previously filed 2 Notices of Voluntary Dismissal. *See* Doc. 34 in Civ. Act. No. 2:14-cv-1036 and Doc. 29 in Civ. Act. No. 2:14-cv-1117. Therefore, if those two prior federal lawsuits are based on or include the same claim(s), then the second notice of dismissal operated as an adjudication on the merits. Further, "[t]he preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155 (2008) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507-508, 121 S. Ct. 1021, 149 L. Ed. 2d 32 (2001)). The doctrine of *res judicata* "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). For *res judicata* to apply, four elements must be met: (1) a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction, (3) the parties (or those in privity with them) are identical in both suits, and (4) the cases involve the same cause of action. *Id.*; *see also McNear v. Wells Fargo Bank, N.A.*, 2016 U.S. App. LEXIS 10123, *5-6, 2016 WL 3101282, *2 (11th Cir. June 3, 2016) (reciting elements and citing *Ragsdale*).

    **i.**    **2014 federal lawsuits**

First, the Court must look to the 2014 lawsuits filed by Sealey. *See* Civ. Act. No. 2:14-cv-1036, Civ. Act. No. 2:14-cv-1117. Generally, a Court may not consider matters outside the pleadings without converting a motion to dismiss to a motion for summary judgment. However, the two prior lawsuits filed by Sealey are public record. The Eleventh Circuit has held "a district

court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion into a Rule 56 motion." *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010) (citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."). Accordingly, the Court may consider Sealey's prior cases and their pleadings.

### (a) Sealey I

With regard to the first lawsuit (Sealey I), the Court reviewed the pleadings filed in the case. *See* Civ. Act. No. 2:14-cv-1036.[2] Sealey I is a complaint which pertains to a foreclosure on a property he owned in Crenshaw County, Alabama wherein he believes the foreclosure to be without proper authority. *See* Doc. 1. He includes as Defendants BB&T and 4 named BB&T employees. *Id.* Plaintiff initially filed his lawsuit on September 2, 2014 in the Circuit Court of Crenshaw County, Alabama which Defendants removed to this Court on October 7, 2014. *Id*. Plaintiff "objected" to the removal to federal court. *See* Docs. 8-9. The Court found it had jurisdiction and denied the remand request. *See* Docs. 19, 30.

The bulk of Plaintiff's complaint in Sealey I describes various correspondences between Plaintiff and BB&T. In the case, the report and recommendation issued by the magistrate judge contains a detailed, full recitation of the facts and allegations. *See* Doc. 30, Report and Recommendation. The Court reviewed the pleadings and the report and recommendation (R&R) and finds the R&R contains an excellent summary of the facts, allegations, and claims. *Id*. Essentially, at its core, Plaintiff adheres to a belief that because Colonial Bank went

---

[2] All document references within this subsection will be related to filings in Civ. Act. No. 2:14-cv-1036.

insolvent and "bailout" funds were used for that insolvency, he was relieved of any obligation to pay on his mortgage either to Colonial Bank or its successor BB&T.  Plaintiff seemingly brought claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 for violations of the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, the Real Estate Settlement Procedure Act, 12 U.S.C. § 1201, *et seq.*, the Federal Truth In Lending Act, 15 U.S.C. § 1601, *et seq.*, Regulation Z §226.2(11), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and civil RICO.  *See* Doc. 1-2, Complaint at ¶ 1.  He further states BB&T committed fraud.  *Id.* at ¶ 2.

Defendants BB&T and the four individual employees filed a Motion to Dismiss.  *See* Docs. 2-3.  After reviewing all the pleadings, the Magistrate Judge issued his R&R on July 30, 2015 wherein he recommended the motion to dismiss be granted.  *See* Doc. 30.  Plaintiff requested and received an extension to object to the R&R.  *See* Docs. 32-33.  However, instead of objecting to the R&R, Plaintiff filed his Notice of Voluntary Dismissal Without Prejudice against Defendants Edward A.R. Miller, Richard A. Wright, Tamara A. Stidham, and Kelly S. King.  *See* Doc. 34.  As a result, the District Judge withdrew the R&R as it pertained to those four defendants and acknowledged the voluntary dismissal of those defendants.  *See* Doc. 35.  As to BB&T, as it was not referenced in the voluntary dismissal, the District Judge reviewed the record and ultimately adopted the R&R as it pertained to BB&T.  Thus, the Court granted BB&T's motion to dismiss and entered a judgment dismissing the case without prejudice.  *Id*; Doc. 36.

  **(b)**  **Sealey II**

The Court next reviews the second case filed by Plaintiff (hereinafter "Sealey II").  *See* Civ. Act. No. 2:14-cv-1117.[3]  Plaintiff filed his lawsuit in this Court on October 28, 2014 despite already having the prior case removed to this court mere weeks beforehand.  As with his first

---

[3] All document references within this subsection will be related to filings in Civ. Act. No. 2:14-cv-1117.

complaint, it is clear that the complaint concerns the foreclosure of his property in Crenshaw County, Alabama and his prolonged dispute with BB&T. *See* Doc. 1. Though he does not name BB&T directly as a defendant, he does name the same four BB&T employees as in Sealey I.

In this complaint, he adds allegations stating the Defendants committed fraud and conspired against him by filing false mortgage papers in the Crenshaw County Circuit Court in an earlier 2013 proceeding. Plaintiff's complaint is difficult to follow, but he does provide more clarity in later court pleadings wherein he clearly articulates that he believes his mortgage was satisfied by Colonial Bank bailout funds and therefore BB&T attempts to collect double payments on his property. *See* Doc. 24 at p. 6-7. Plaintiff specifically claims "(1) Violation 42 U.S.C. § 1983, (2) Violation of 42 U.S.C. § 1983 and 1985(3): conspiracy, (3) Violation of 42 U.S.C. § 1986, refusing or neglecting to prevent (4) Malicious abuse of process, (5) Title 18 Conspiracy 241 & 242 (5) Intentional infliction of emotional distress, (6) Mail Fraud (7) Fraud." *See* Doc. 1 at p. 9.

As with the companion case, after reviewing all the pleadings, the Magistrate Judge issued his R&R wherein he recommended the motion to dismiss be granted. *See* Doc. 26. Plaintiff again requested and received an extension to object to the R&R. *See* Docs. 27-28. However, instead of objecting to the R&R, Plaintiff filed his Notice of Voluntary Dismissal Without Prejudice. *See* Doc. 29. As opposed to the companion case, this Notice included all defendants. As a result, the District Judge withdrew the R&R and acknowledged the voluntary dismissal of the case. *See* Doc. 30.

  ii.  **The Current Lawsuit and Rule 41**

Now the Court turns to the analyzing the current lawsuit (Sealey III) and the application of Rule 41 and *res judicata*.

### (a)   Final Judgment on Merits

As noted in the motion to dismiss, Fed. R. Civ. P. 41(a)(1)(B) states "if the plaintiff previously dismissed any federal or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." This is commonly referred to as the "two-dismissal rule." "A Rule 41(a)(1)(B) adjudication is ripe upon the filing of a third action." *Captiva RX, LLC v. Daniels*, Civ. Act. No. 5:14-cv-265, 2014 U.S. Dist. LEXIS 150720, 2014 WL 5428295 (M.D. Ga. Oct. 23, 2014) (quoting *Melamed v. Blue Cross of Cal.*, 2012 U.S. Dist. LEXIS 5074, 2012 WL 122828, at *3 (C.D. Cal.)); *see also Essien v. CitiMortgage, Inc.*, Civ. Act. No. 1:14-cv-1565, 2015 U.S. Dist. LEXIS 180461, *10-11 (N.D. Ga. Jan. 30, 2015) (applying Rule 41 two dismissal rule in a *res judicata* context and dismissing the lawsuit with prejudice).[4]

In the case at hand, plaintiff had two prior suits in which he filed a notice of voluntary dismissal. However, this case presents the unique circumstances of the notices of voluntary dismissal occurring on the same date and the cases closing on the same date. Thus, the Court has to consider whether the Rule 41 adjudication on the merits provision is applicable given the timing.

While ultimately, Sealey I and Sealey II were related cases, it is clear Plaintiff elected to have two distinct lawsuits. He filed Sealey I in state court on September 2, 2014 and contested its removal *after* initiating Sealey II in this court (including paying a filing fee). *Compare* Civ. Act. No. 2:14-cv-1036, Docs. 1, 8, 9 *with* Civ. Act. No. 2:14-cv-1117, Doc. 1. As a result, his choice to file two notices of voluntary dismissal pursuant to Rule 41 triggers the provision

---

[4] No Westlaw citation was available for the original report and recommendation at the time of the issuance of this opinion. Only the order adopting the report and recommendation appeared on Westlaw. *See* 2015 WL 11280330. Therefore, the Court relied exclusively upon the Lexis citation. The Court's apologies to those readers without Lexis access.

regarding an adjudication on the merits.  While perhaps the timing for Plaintiff is unfortunate, the rule is clear and this Court finds that it cannot ignore the plain language of the rule.  As such, despite the dismissal without prejudice, by operation of law, the two Rule 41 dismissals ultimately resulted in an adjudication on the merits as to the claims against the individual BB&T defendants as they relate the foreclosure property in Crenshaw County.  As for BB&T, the Court will later analyze whether the adjudication against the individual defendants will also apply to any claims against BB&T.  At this stage, it is clear Rule 41's adjudication provision applies for the individuals.

### (b) Identical Parties / Privity & Same Cause of Action

In this case, the questions of identical parties and same cause of action are intertwined and therefore the Court will address them as such.

"Privity is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *E.E.O.C. v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir. 2004) (citing *Hansberry v. Lee*, 311 U.S. 32, 41-43, 61 S.Ct. 115, 117-19, 85 L.Ed 22 (1940)).  Further, "[t]here is privity between a non-party and a party in a prior action if the non-party's interests were adequately represented by a party that had the same interests." *Williams v. SunTrust Banks, Inc.*, 280 F. App'x 885, 886 (11th Cir. 2008).  The Eleventh Circuit makes it clear that the third element of *res judicata* is satisfied not only when the parties are identical, but also when the parties are in privity with each other.  *See Ragsdale*, 193 F.3d at 1238; *McNear*, 2016 U.S. App. LEXIS 10123 at *5-6, 2016 WL 3101282.

In the situation at hand, though the Rule 41 voluntary dismissal only pertained to the individual BB&T employees, all the defendants were clearly in privity.  The individuals were

being sued for official actions they took as BB&T employees.  In addition, in Sealey I, the same counsel represented BB&T and the BB&T employees.  Though the second Rule 41 dismissal by Plaintiff only pertained to the individual employees, it is clear that BB&T was the real party in interest as the employees were being sued for actions they took as BB&T employees.  "[T]he two-dismissal rule should not be defeated by a change in the nominal parties, without a change in the real party in interest." *Poloron Prods, Inc. v. Lybrand, Ross Bros. & Montgomery*, 66. F.R.D. 610, 614 (S.D.N.Y. 1975); *see also Melamed v. Blue Cross of Cal.*, 2012 U.S. Dist. LEXIS 5074, 2012 WL 122828, at *6 ("As the three actions arose from the same common nucleus of operative facts and involve the same parties in interest, each of Plaintiff's state-law causes of action ... are barred by application of Rule 41(a)'s 'two-dismissal rule.'").  Therefore, the Court finds the parties are "identical" for the purposes of the *res judicata* analysis.

Next, in performing a *res judicata* analysis, claims are part of the same cause of action when they arise out of the same nucleus of operative fact, or are based on the same factual predicate.  *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296-97 (11th Cir. 2001).  "In determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Id*. (quoting *Ragsdale*, 193 F.3d at 1239).  Finally, res judicata bars all legal theories and claims arising out of the same nucleus of facts as a prior action, as the analysis centers on whether the primary right and duty are the same between the two causes of action.  *Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1289 (11th Cir. 2007) (*quoting Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992)) (internal quotations omitted).

In reviewing this particular lawsuit and comparing it to Sealey I and Sealey II, it is clear Plaintiff's claims arise from the same claims he brought in the prior two lawsuits.  At their core, Sealey I and Sealey II relate back to the foreclosure of the Crenshaw County property.  As such,

the claims against BB&T arise from the same nucleus of facts and therefore are satisfy the "same cause of action" element for *res judicata*.

### (c) Decision by court of competent jurisdiction

The record is clear that the prior cases were pending before courts of competent jurisdictions. The Middle District of Alabama court had two prior cases which satisfied jurisdictional requirements pursuant to original jurisdiction under 28 U.S.C. §1331. The question that remains is whether Rule 41 can constitute *a decision* by a court of competent jurisdiction. This Court finds it clear that the rule itself mandates that when a plaintiff voluntarily dismisses two lawsuits based on or including the same claim, the Court has no discretion on whether or not to treat it as an adjudication on the merits. Thus, while the dismissal of Sealey I may have been without prejudice as to both the individual defendants and BB&T, the voluntary dismissal of Sealey II (despite the timeframe of its filing) triggers the mandatory provision of Rule 41(a)(1)(B). Therefore, the dismissal *must* be with prejudice as an adjudication on the merits.

### iii. Summary

All of the elements of *res judicata* are satisfied in this case. In reviewing Plaintiff's response to the motion to dismiss, he fails to address the Defendant's argument as it pertains to Rule 41 and *res judicata*. *See generally* Doc. 17. Instead, he repeats the timeline of events as articulated in his prior lawsuits and his complaint. Thus, the motion on that argument is effectively unopposed. Even without the benefit of a meaningful response, it is clear this case is barred by *res judicata* and therefore merits dismissal with prejudice.

## B. Remaining issues

In many *pro se* cases, the court must give the *pro se* Plaintiff at least one opportunity to

amend the complaint before the court dismisses the action with prejudice. *See DeSouza v. JPMorgan Chase Home Lending Div.*, 608 F. App'x 776, 781 (11th Cir. Apr. 24, 2015) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)). However, there would be no purpose in permitting plaintiff to file an amended complaint because it is well settled in this circuit that amendment is futile when an action is barred by *res judicata*. *See, e.g., DeSouza v. JPMorgan Chase Home Lending Div., Brown v. Comcast Cablevision of Tallahassee*, 134 F. App'x 423, 424 (11th Cir. 2005) (affirming dismissal with prejudice where district court found that claims were barred by *res judicata*); *see also DeSouza*, 608 F. App'x at 781 (affirming district court's denial of leave to amend based on futility of amendment where the plaintiff's claims were barred by *res judicata*).

Defendant also filed an alternative motion for more definite statement and a motion for partial summary judgment. *See* Docs. 5, 7. As the Court has already found the case merits dismissal, these motions are rendered moot.

## IV. CONCLUSION

For reasons discussed, it is the **RECOMMENDATION** of the Magistrate Judge that the Motion to Dismiss (Doc. 5) be **GRANTED**, the alternative Motion for More Definite Statement (Doc. 5) and the Motion for Partial Summary Judgment (Doc. 7) be **DENIED as moot**, and this case be **DISMISSED with prejudice**.

It is further **ORDERED** that the parties shall file any objections to the said Recommendation on or before **September 6, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The

parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 22nd day of August, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE